PIERSOLL *v.* CRAIG.

The decision herein rests alone upon the sufficiency of evidence to sustain a finding, and no point of interest generally is ruled by the Court.

APPEAL from the *Boone* Circuit Court.

DAVISON, J.—The facts alleged in the complaint are these: For several years prior to *December*, 1858, *James Craig*, who was the plaintiff, and *David Piersoll*, were partners in the mercantile and pork business, in *Jamestown*. In *December*, 1858, they dissolved their partnership; having at the time of the dissolution 2,900 dollars, and solvent notes and accounts to the amount of, at least, 17,000 dollars, making in all 19,900 dollars. The firm owed, to different persons, 10,000 dollars. At the time aforesaid, the plaintiff sold to *David Piersoll* his interest in the partnership property including the goods, notes, and accounts, &c., for 5,000 dollars, for which he, *David*, executed his notes to the plaintiff, and agreed, as part of the consideration of the sale, to pay off and satisfy all the outstanding debts of the firm. Shortly after the sale, *David* and *John Piersoll* entered into partnership, and as partners, carried on business at the same place with the *Craig & Piersoll* stock of goods. It is alleged that *David Piersoll* failed to pay off the partnership debts, of which 2,000 dollars, as yet, remains unpaid, and for which the plaintiff has been sued and judgments recovered against him; that of the 5,000 dollars which *David* was to pay the plaintiff, 4,611 still remains due and unpaid, and for which he, plaintiff, has a judgment against him in the *Boone* Circuit Court, of the date of *March*, 27th, 1861; that in the year 1861, the defendants confederated together for the purpose of defrauding the plaintiff and the creditors of the firm of *Craig & Piersoll*, and in furtherance of that purpose, *David* pretended to sell and trans-

fer all his property to *John*, amounting to 20,000 dollars, and from the time of this sale henceforward *David* has held himself out to the plaintiff and said creditors as insolvent, &c.; that *David Piersoll* had property and means sufficient to have paid the plaintiff and the creditors of *Craig & Piersoll*, if they had been honestly applied; but soon after the defendants commenced business as partners, they began to collect from the notes and accounts of *Craig & Piersoll*, and appropriate the money to their own business and purposes, instead of applying it to the payment of the aforesaid debts, and when they could not get the money on such claims, they surrendered them to the persons owing them, and took notes for them in the name of *John Piersoll*, on which notes, so obtained, he has recovered judgments in the *Hendricks* Circuit Court, as follows: one judgment against *Iddings & Porter*, for 122 dollars; one against *May & Porter*, for 419 dollars; also, judgments in the *Boone* Circuit Court against divers persons, amounting in the aggregate to 1,900 dollars.

The relief prayed is that the defendants, and each of them, be enjoined from the further collection of said judgments, notes, and accounts, &c.; that they be required to account for said partnership property, and that so much thereof as may be necessary, be applied to the payment of the plaintiff and the creditors of the firm of *Craig & Piersoll*, and such other and further relief, &c.

Upon this complaint, the same being verified by affidavit, and the proper undertaking having been filed, the Court granted an injunction as prayed for, and thereupon the defendants filed their answer, and issues having been made, the cause was submitted to the Court, who found, *inter alia*, that the matters and things alleged in the complaint were true; that *David Piersoll* was indebted to the plaintiff by judgment theretofore rendered in the *Boone* Circuit Court for 4,611 dollars as set forth in the complaint; that *David* is without the

Piersoll *v.* Craig.

means of paying the same or any part thereof, out of moneys or property held in his own right; but that *John Piersoll* had a large amount of property, consisting of notes, accounts, moneys and judgments sufficient to pay said debt, which had been transferred to him by *David*, with intent to defraud his creditors.

The finding then proceeds to enumerate certain judgments in the *Hendricks* Circuit Court and in the *Boone* Circuit Court, which *John Piersoll* then held, uncollected, as the property of *David Piersoll.* These judgments are, in the finding, described by name and amount. And the Court, upon its finding, adjudged that the defendants, or either of them, be enjoined from collecting or receiving the proceeds of said · judgments, and that the officers of the Circuit Courts of *Hendricks* and *Boone* counties, be required to pay over the several amounts collected on the same to the plaintiff, to be applied to the satisfaction of his judgment against *David Piersoll;* and further, it was adjudged that the plaintiff recover his cost, &c.

Defendants moved for a new trial; but this motion was overruled and they excepted. The evidence "given in the cause" is all upon the record, and the only question to settle is, does it sustain the finding?

We are not inclined to set out the evidence in detail; but, having examined it carefully, are of opinion that it is insufficient. Neither of the judgments described in the complaint appears to have been introduced on the trial; nor does it appear that the Court, upon the trial, had any legitimate proof of their existence.

In view of the record before us, we think a new trial should have been granted.

. *Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*McDonald & Roache*, for the appellant.

*S. C. Wilson,* for the appellee.